NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK K. GIBSON, | No. 20-35697 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05187-RBL |
| v. | |
| EDITH KROHA, ARNP,Washington State Dept of Corrections, Clallam Bay Correctional Center (DOC), | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Patrick Gibson appeals pro se from the district court's grant of summary judgment in favor of Edith Kroha on the ground that she was entitled to qualified immunity.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that no clearly established law put Kroha on notice that she violated the Eighth Amendment when she delayed submitting information about Gibson's work-related hernia to the Department of Labor and Industries.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (leaving to the discretion of the lower courts which prong of the qualified immunity analysis to address first).  A right is clearly established only where "the defendants should have known that their specific actions were unconstitutional given the specific facts under review."  *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016).  It is "not indisputably unconstitutional" to treat a reducible hernia without offering surgery where treatments like monitoring, a hernia belt, medication, and behavioral changes are offered.  *Id.* at 1093–94.

Here, Kroha did not recommend surgery after diagnosing Gibson with a reducible and unincarcerated hernia; instead, she advised him to lift no more than ten pounds, reviewed the proper lifting technique, and instructed him to return if his symptoms worsened.  Gibson did not seek further hernia treatment at the health care unit until the paperwork omission had been corrected, and at his second visit, his

2

hernia remained reducible and unincarcerated. Because surgery was neither a recommended treatment nor one Gibson was entitled to receive at the time, it was not indisputably unconstitutional for Kroha to delay paperwork that would have been required for surgery. *See Hamby*, 821 F.3d at 1093–94.

**AFFIRMED.**